In re **INTERNATIONAL TELEPHONE AND TELEGRAPH CORPORATION,** a Maryland Corporation

v.

**LOCAL 400, INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, AFL–CIO,** an unincorporated association, and **Lloyd H. Bailer.**

Civ. A. No. 444–65.

United States District Court
D. New Jersey.

July 12, 1965.

Thomas L. Morrissey, Carpenter, Bennett & Morrissey, Newark, N. J., for plaintiff.

Sidney Reitman, Kapelsohn, Lerner, Leuchter & Reitman, Newark, N. J., for defendant.

COOLAHAN, District Judge.

Plaintiff, hereinafter referred to as I.T.T., brought this action to obtain a stay of arbitration proceedings instituted against that company by the defendant, Local 400, hereinafter referred to as the Union. The Union's demand for arbitration was made as an incident of a Collective Bargaining Agreement under which said Union acted as bargaining agent of a mixed group of engineer-technician employees employed at plaintiff's plant. On September 9, 1964 the Collective Bargaining Agreement referred to expired and after a strike, various negotiations, Court proceedings and Board proceedings, a strike settlement agreement extending the original expired agreement to October 1, 1967 was executed.

The Union made demand upon plaintiff to arbitrate a number of grievances which had arisen under the agreement. These grievances included references to both professional engineers as well as non-professional technicians. Plaintiff declined to arbitrate any matters concerning professional engineers inasmuch as they claimed that said Union was not the authorized bargaining representative of that group and this very question was presently under advisement before a Trial Examiner of the N.L.R.B. The arbitrator stated that said proceedings would be held inasmuch as there was nothing to preclude arbitration of these grievances in the agreement or in the record before the arbitrator. This decision was made on May 3, 1965.

On April 15, 1965 the Trial Examiner referred to above had issued a decision in which he concluded that the mixed unit previously certified by the Board in 1951 was not appropriate for collective bargaining in the absence of a vote by the professional employees in regard to their inclusion in this mixed unit. On April 5, 1965 a petition was filed seeking a vacation of the Union's certification as the representative of the professional engineers. These matters are currently all pending at the present time.

No advisement of any later change has been put before the Court to date.

The question presented for consideration herein is the appropriateness of allowing the grievances to proceed to arbitration where decertification proceedings are pending but no final decertification order has been made.

It is a matter of undisputed record that the grievances arose under the original Collective Bargaining Agreement wherein the Union was named and treated as the authorized agent of the mixed group of employees. In the absence of anything to the contrary, the company would have no right to decline to proceed with properly invoked arbitration remedies. However, the company interposes the apparent unwillingness of the professional employees to be represented by this Union and the pendency of the proceedings aimed at decertifying the Union as the authorized collective bargaining agent.

In essence, I.T.T. states arbitration should be stayed until the decertification proceedings are finally decided since the company should not be forced to treat with a Union which does not represent the employees forming the subject matter of the controversy. In reply the Union argues that the grievances arose under a properly executed agreement and there is no order of decertification or other change in status properly before the Court at this time. In addition they contend that an arbitrator's award is not self-executing, and any later change of status might be noted and corrected in a suit to compel enforcement of the award.

After careful consideration of the argument of counsel and the authority presented, this Court is of the opinion that the stay applied for should not be granted. As stated previously the grievances arose under a properly executed agreement. The manner of the arbitration invocation is in accord with said agreement. To hold that a stay is indicated would interpose a decision by this Court in a matter now pending before the appropriate board officials and subject to possible later appellate review. To anticipate the decision no matter what the personal opinion of this Court might be on the question would invade an area of expertise not properly within the province of the District Court.

If the Union were already decertified the opposite result would clearly obtain. See Glendale Mfg. Co. v. Local No. 520, etc., 283 F.2d 936 (4th Cir. 1960). The decision by this Court merely requires the Company and the Union to arbitrate grievances in accordance with a valid Collective Bargaining Agreement. It is not extending nor limiting the scope or tenure of that agreement.

International Longshoreman's Assn. v. N.L.R.B., 107 U.S.App.D.C. 329, 277 F.2d 681 (1960) held that a Union cannot resort to economic pressure to force an employer to agree to deal with representatives of a unit other than that unit expressly certified by the Board. In relating this proposition to the case at Bar, the company is refusing to deal with the Union presently properly certified by the Board and attempting to recognize another group inasmuch as they feel the present Union does not represent the professional employees' interest regardless of their legal status. However, the employer is currently legally obligated to recognize the Union as the proper representative until an order of decertification is issued. Consequently arbitration when properly invoked must be had. Kelly, Inc., v. Teamsters Local 677, 152 Conn. 276, 206 A.2d 417 (1964). The Company must recognize the Union until a contrary order is issued. Modine Mfg. Co. v. Grand Lodge Int. Ass'n of Mach., 216 F.2d 326 (6th Cir. 1954).

The commencement of arbitration will not interfere with the pending decertification proceeding. United Steel Workers v. American Internatl. Aluminum Corp., 334 F.2d 147 (5th Cir. 1964). There is no danger of conflict or of concurrent jurisdictional problems as in Kentile, Inc. v. Local 457, United Rub-

ber C. L. & P. Wkrs., 228 F.Supp. 541 (E.D.N.Y.1964). If the decision on de-certification changes the representative status of the Union the matter may be corrected upon suit to enforce the award. See Glendale Mfg. Co., supra, 283 F.2d at page 940.

In John Wiley & Sons v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964) the Court held that rights of employees under a Collective Bargaining Agreement are not automatically lost by merger of the employer. In that case the duty to arbitrate was held to survive the merger. Here it is the Company's position that the duty to arbitrate while surviving the contract does not force it to act with this Union. As stated previously, this Court finds no authority for that proposition and will not judicially recognize matters outside the record of these proceedings which are properly under the purview of a different aegis of authority pursuant to Legislative enactment.

In light of the foregoing it is the order of this Court that the plaintiff's application to stay the arbitration proceedings demanded by the defendant Union will be denied.