MODINE MANUFACTURING COM-PANY, Appellant,

v.

GRAND LODGE INTERNATIONAL AS-SOCIATION OF MACHINISTS, Local Union No. 1382 of International Association of Machinists, Appellees.

No. 12003.

United States Court of Appeals
Sixth Circuit.

Oct. 20, 1954.

Lee C. Shaw, Chicago, Ill., E. Allan Kovar, Seyfarth, Shaw & Fairweather, Chicago, Ill., James G. Wheeler, Wheeler & Marshall, Paducah, Ky., on brief, for appellant.

Joseph S. Freeland, Paducah, Ky., Plato E. Papps, George W. Christensen, Washington, D. C., on brief, for appellees.

Before ALLEN, MARTIN and STEWART, Circuit Judges.

ALLEN, Circuit Judge.

This case presents important questions arising out of the certification by the National Labor Relations Board in 1948 and 1950, respectively, of different unions, namely, locals of AFL and CIO, to represent the same unit of employees in appellant's manufacturing plant at Paducah, Kentucky. The facts are not in controversy and are as follows:

In 1948 the Grand Lodge International Association of Machinists, hereinafter called "IAM," was duly certified as collective bargaining agent for an appropriate unit of certain employees at appellant's manufacturing plant in Paducah, Kentucky. A collective bargaining agreement was executed between appellant and IAM on April 30, 1948, to remain in effect until April 30, 1950. This contract, with certain amendments, was duly extended to April 30, 1951. During 1950 the National Labor Relations Board determined that this extension of the contract was premature and ordered an election to determine the employees' choice of agents. On June 19, 1950, the National Labor Relations Board certified CIO as having been chosen in this election. A few days thereafter the negotiating committee of IAM requested appellant to meet with it and to discuss the future relationship between IAM and appellant, which request was refused on the ground that appellant could deal only with CIO, the certified exclusive bargaining agent of the employees. On July 1, 1950, IAM filed suit in the Federal District Court seeking a declaratory judgment for rights under the extended contract and later amended and supplemented its complaint to allege that appellant had breached the union-shop provision of the collective bargaining agreement by its failure to require employees to become members of IAM and by consequent failure to collect dues for IAM. The District Court declared that the extended contract was in force up to April 30, 1951, and directed a verdict against appellant in the amount of the dues which IAM would have received if the employees of the company had remained members of IAM.

Appellant contends that the District Court had no jurisdiction over the controversy; that the District Court erred in holding that the collective bargaining agreement with IAM remained in effect after the certification of CIO as bargaining agent; and that IAM continued to have existing rights, which were violated, and suffered pecuniary damages by reason of appellant's refusal to deal with it under the extended contract.

As to the jurisdictional question, a refusal to bargain on the part of appellant constitutes an unfair labor practice and in absence of allegation of violation of contract between employer and the labor organization should be dealt with by the National Labor Relations Board. Amazon Cotton Mill Co. v. Textile Workers Union of America, 4 Cir., 167 F.2d 183. The amended and supplemental complaint herein, in addition to refusal to bargain, specifically alleges breach of the collective bargaining agreement. It avers that appellant, after the election of 1950, in violation of the bargaining agreement refused to require its employees to become members of IAM and that in consequence IAM lost dues and initiation fees in the amount of $7,500. The amended and supplemental complaint thus states an action for violation of the contract between an "employer and a labor organization representing employees" and falls squarely within the provisions of Section 301(a) of the Labor Management Relations Act, 29 U.S.C.A. § 185(a). We conclude that the District Court had jurisdiction of the case.

■ We deem it unnecessary to discuss in detail the decision of the District Court that the contract of 1948 was in full force and effect up to April 30, 1951. Whether or not the substantive provisions as to wages, hours, etc., were still binding after the certification of CIO is not the question presented here. The issue before us is whether IAM retained the rights accorded to it under the contract of 1948 as exclusive bargaining representative after the Board certified that this status had been taken away from IAM and given to CIO. On this point the law is crystal clear. The provisions as to IAM and the payment of dues became inoperative as soon as IAM ceased to be the bargaining representative.

The decision that IAM continued to have rights existing under the extended contract after IAM was repudiated by its members was therefore erroneous. While the employees did not repudiate the substantive provisions of the contract, they did formally declare that they desired to operate through a completely different bargaining agent. They not only voted to substitute CIO for IAM, but after the certification of CIO all but ten of the employees stopped paying dues to IAM Local in Paducah and as a consequence it was officially disbanded.

■ Under the National Labor Relations Act and the applicable decisions of the Federal courts, the bargaining contract must be administered by a representative of the employees' own choosing. It is an unfair labor practice for an employer to refuse to bargain collectively with the representative of his employees. Section 8(a) (5), Labor Management Relations Act, 29 U.S.C.A. § 158(a) (5). Moreover, the obligation to treat with the representative is exclusive and imposes the "negative duty to treat with no other." N.L.R.B. v. Jones & Laughlin Steel Corporation, 301 U.S. 1, 44, 57 S.Ct. 615, 628, 81 L.Ed. 893. After certification of CIO the employer was compelled to bargain and deal with CIO exclusively. This was true although the employer had bound himself by contract previously to bargain with IAM. National Licorice Co. v. N. L. R. B., 309 U.S. 350, 365, 60 S.Ct. 569, 84 L.Ed. 799; J. I. Case Co. v. N. L. R. B., 321 U.S. 332, 64 S.Ct. 576, 88 L.Ed. 762.

■ Recognition of IAM after the election and certification of CIO would have been unlawful. Since it is established that the bargaining agent can be dispensed with or changed by the employees, it is evident that the contract of 1948 after the election of 1950 had to be administered by CIO. The recognition clause of the agreement of 1948 became inoperative when IAM ceased to be the certified representative of the employees.

■ This is in accordance with the contract of 1948 upon which IAM relies for its cause of action. This provides, under its statement of the Basic Law of the Plant, that the Federal law prevails over any provisions in the contract and also that in the event any Federal law vitiates any portion of the agreement, "the remainder shall nevertheless remain in full force and effect." Under the 1948 contract, therefore, IAM was the exclusive bargaining representative only while its certification was in force. The certification of CIO deprived IAM of its status as bargaining representative. To hold that under these circumstances IAM could force employees who had clearly repudiated IAM to rejoin IAM and pay dues, both to CIO and IAM, runs counter to the entire spirit of the labor law. It follows that, after the certification of June 19, 1950, IAM had no rights under the collective bargaining agreement.

■ Moreover, as a matter of law IAM suffered through loss of dues no damage which could be attributed to the employer. The employer could not legally force the employees to join IAM, and IAM could no longer represent its former members. Hence it could not insist upon compensation, namely, the membership dues, for the service which it could not continue to give.

The judgment of the District Court was erroneous in the particulars indicat-

**330**

ed and must be, and hereby is, reversed. The case is remanded to the District Court with instructions to enter judgment in favor of the appellant, defendant in the trial below.