RETAIL CLERKS INTERNATIONAL ASSOCIATION AFL–CIO, etc., et al., Plaintiffs-Appellants,

v.

MONTGOMERY WARD & CO., Defendant-Appellee, and National Labor Relations Board, Intervenor Defendant-Appellee.

No. 13882.

United States Court of Appeals Seventh Circuit.

May 2, 1963.

Robert Karmel, Chicago, Ill., S. G. Lippman, Gen. Counsel, Tim L. Bornstein, Washington, D. C., for plaintiffs-appellants.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Solomon I. Hirsh, Atty., National Labor Relations Board, Washington, D. C., N. A. Brown, Chicago, Ill., Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Ira M. Lechner, Attys., National Labor Relations Board, Charles J. Barnhill, W. Yale Matheson, Chicago, Ill., for defendant-appellee, Sidley, Austin, Burgess & Smith, Howard P. Robinson, Chicago, Ill., of counsel.

Before KNOCH and SWYGERT, Circuit Judges, and MERCER, District Judge.

KNOCH, Circuit Judge.

On May 31, 1961, plaintiffs, Retail Clerks International Association, AFL-CIO, and Local Unions No. 1532 (Ukiah, California), No. 1685 (Wisconsin Rapids, Wisconsin), No. 472 (Houghton, Michigan), No. 1687 (Binghamton, New York), No. 170 (Portersville, California), No. 1116 (Duluth, Minnesota), voluntary unincorporated labor organizations chartered by the Retail Clerks International Association, AFL-CIO, brought suit in the United States District Court for specific performance of collective bargaining contracts by defendant, Montgomery Ward & Co., a corporation. On March 9, 1962, an amended complaint was filed by the same plaintiffs with the exception of Local Union No. 472.

Jurisdiction was based on § 301(a) of the Labor Management Relations Act of 1947, Title 29 U.S.C.A. § 185(a), which provides:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

The amended complaint alleges that plaintiff Retail Clerks International Association (hereinafter called the "Union") is a parent international labor organization, signatory to a collective bargaining contract with defendant; that it has chartered local unions, including the other five plaintiffs; that beginning in August, 1955, the Union and various of its locals engaged in collective bargaining with defendant on a centralized national basis, with the Union acting as the bargaining spokesman for those locals which represented employees of defendant; that after expiration of prior contracts in September, 1957, and after extended bargaining, litigation and other activities, a new agreement, which provided for a 5-year term, was negotiated in May, 1958, to be executed between the locals and defendant's local store managers; that defendant's employees in the various affected stores, by vote, ratified the terms of the national settlement agreement, or those terms were renegotiated and then ratified, by vote of the employees.

The amended complaint alleges further:

"17. In the following Montgomery Ward & Co. stores, the defendant has violated its contract obligations by refusing to recognize plaintiff International Association and the respective local union plaintiffs as the exclusive bargaining agents for employees in each such store, in violation of the provisions of the contracts granting plaintiff International Association and the local union plaintiffs exclusive recognition: * * * The contracts involved provide that defendant will recognize the union as the exclusive bargaining agent for the employees of defendant. * * *

"18. Defendant has unlawfully disavowed all of its contract obligations to the plaintiff International Association and the plaintiff local unions in the stores mentioned above in para. 17."

Plaintiffs pray for relief as follows:

1. That this Court issue a preliminary injunction enjoining and restraining defendant Montgomery Ward & Co., its officers, agents, attorneys and servants, from breaching, threatening to breach, and otherwise failing to honor its collective bargaining agreements with plaintiffs in any respect.

2. That this Court, upon final hearing of this matter, issue an order making permanent any preliminary order of this Court restraining defendant from its contract violations.

3. That this Court grant plaintiffs such additional relief and damages as the Court may deem appropriate for defendant's violations as aforesaid.

Defendant moved for summary judgment in its favor alleging that the contracts sought to be specifically performed covered employees at stores for which the applicable plaintiff union had been certified by the National Labor Relations Board as the exclusive bargaining representative; that each contract contained a union-security clause (requiring union membership as a condition of employment) dues and checkoff provisions, and, further, required defendant to recognize the certified union as the sole collective bargaining representative for the employees of that particular store; that during the first half of 1960, the employees at the six stores concerned in this cause had filed a series of decertification petitions pursuant to § 9(c) (1) (A) (ii) of the Act, as amended, Title 29 U.S.C.A. § 159(c) (1) (A) (ii) * as a result of which each of the plaintiff unions (having failed to obtain a majority of the votes cast in the respective elections) was decertified by the Board as the exclusive bargaining representative of the employees of the stores involved.

Plaintiffs also filed a motion for summary judgment in their favor. On May 21, 1962, the National Labor Relations Board's motion to intervene was granted. The Board filed its motion to dismiss the amended complaint for want of jurisdiction, or, in the alternative, to grant motion of summary judgment in favor of the defendant.

The District Court denied the Board's motion to dismiss, denied plaintiffs' motion for summary judgment, and sustained the motions of the Board and of defendant for summary judgment in favor

---

* "(c) (1) Whenever a petition shall have been filed, in accordance with such regulations as may be prescribed by the Board—

"(A) by an employee or group of employees or any individual or labor organization acting in their behalf alleging that a substantial number of employees * * * (ii) assert that the individual or labor organization, which has been certified or is being currently recognized by their employer as the bargaining representative, is no longer a representative * * *

"(B) * * * If the Board finds * * * that such a question of representation exists, it shall direct an election by secret ballot and shall certify the results thereof."

of defendant. Plaintiffs' appeal followed.

Plaintiffs contend that decertification elections, being informal and investigative in nature, have no legal effect on valid collective bargaining agreements; that the Board can affect the continuing validity of contracts only through formal and adversarial unfair labor practice proceedings completed under § 10 of the Act, Title 29 U.S.C.A. § 160.

Plaintiffs invite our attention to the case of Retail Clerks International Ass'n v. Lion Dry Goods, Inc., 369 U.S. 17, 28–29, 82 S.Ct. 541, 7 L.Ed.2d 503 (1962) wherein the Supreme Court held that § 301 was not limited to majority representatives but was available for enforcement of "members only" contracts. In that case, however, the plaintiff disclaimed entitlement to recognition as exclusive representative. In the case before us the only specifically alleged breach listed in the amended complaint is defendant's refusal to recognize the plaintiff unions as the exclusive bargaining agents for the employees in each of the stores involved. The plaintiffs filed their suit in the District Court after they had been decertified.

At the time of the elections some of the plaintiffs contended that the existing unexpired collective bargaining agreement constituted a bar to a representation election.

Title 29 U.S.C.A. § 159(c) (3) provides only that:

"No election shall be directed in any bargaining unit or any subdivision within which in the preceding twelve-month period, a valid election shall have been held."

The Board's own contract bar rule ordinarily bars consideration of a representation petition if a valid collective bargaining agreement is in effect, but the Board will not treat such an agreement as a bar for the full duration of its term where the term, in the Board's opinion, is "unreasonably long." What is "unreasonably long" has been varied from time to time by periodic reexamination. At the time of the elections here the term was two years. On November 19, 1962, the Board announced [General Cable Corp., 139 N.L.R.B. No. 111, 51 LRRM 1444 (1962)]:

"Contracts of definite duration for terms up to three years will bar an election for their entire period; contracts having longer fixed terms will be treated for bar purposes as three-year agreements and will preclude an election for only their initial three years."

adding in a footnote thereto:

"Agreements of longer duration, as a majority of the Board has recently held, will, however, bar for their entire term an election sought by the contracting employer or the contracting certified Union." [Montgomery Ward & Co., 137 N.L.R.B. No. 26, 50 LRRM (1962).]

■■ It appears clear to us that a union's authority to act as the collective bargaining representative of employees may be revoked by those employees through the procedures provided under § 9 of the Act. Modine Mfg. Co. v. Grand Lodge Internat. Ass'n of Machinists, 6 Cir., 1954, 216 F.2d 326, 329; Milk & Ice Cream Drivers Union, Local 98 v. McCulloch, 1962, 113 U.S.App.D.C. 156, 306 F.2d 763, 766. Any right to recognition as bargaining agent, which the plaintiff unions secured by virtue of their contracts, ceased and became inoperative on decertification. The contracts themselves stated:

"Whereas, the Union has been certified by the National Labor Relations Board as the representative of all employees of the retail store, * * * * "

An implied condition of the contracts was the continuance of that status as such certified representative.

Although none of them are specified in the amended complaint, the plaintiff unions contend here that the main purpose of this lawsuit is to enforce contract terms beneficial to the employees, such as those terms relating to wages, vacations

and seniority. We do not reach the question of whether the employees (or some later certified bargaining representative) may enforce such provisions of these contracts.

We have considered with care all of the arguments advanced on behalf of the plaintiff unions, but find them lacking in merit.

The judgment of the District Court is affirmed.

Affirmed.