**Charles BAKER et al., Plaintiffs-Appellants,**

v.

**FLEET MAINTENANCE, INCORPORATED and Sears, Roebuck and Co., Defendants-Appellees.**

**No. 17099.**

United States Court of Appeals
Seventh Circuit.
April 11, 1969.

Philip R. Davis, Edward L. S. Arkema, Chicago, Ill., for plaintiffs-appellants.

Shayle P. Fox, Philip C. Lederer, Gerard C. Smetana, Jerry Kronenberg, Lawrence D. Ehrlich, Chicago, Ill., for defendants-appellees.

Before SWYGERT, FAIRCHILD and CUMMINGS, Circuit Judges.

SWYGERT, Circuit Judge.

This is an appeal from the district court's order granting the defendants' Fed.R.Civ.P. 12(b) (1) motion and dismissing the plaintiffs' complaint for lack of jurisdiction. The seventeen plaintiffs, discharged truck drivers, brought this action under the authority of section 301(a) of the Labor-Management Relations Act against their alleged employers, Fleet Maintenance, Incorporated and Sears, Roebuck and Company, to enforce certain rights which they claim arose from a labor contract entered into between their union and the defendants on January 1, 1964.[1] The suit was brought to recover money damages for the differential in pay resulting from the plain-

1. Section 301(a) provides:
 Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organiza-tions, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

tiffs' alleged wrongful discharge, to obtain reinstatement of their jobs and seniority rights, and to continue other employee benefits to which their former employment entitled them.

According to the supplemental amended complaint, the following facts give rise to this action. The plaintiffs had been employed as truck drivers by Fleet for an unspecified period prior to their discharge on July 28, 1967. They had been interviewed and hired for this job by Sears. At the time of their employment, Sears promised the plaintiffs compensation, discount privileges, membership in the Sears' pension and profit-sharing plan, and hospitalization and severance pay. During the term of their employment, the plaintiffs were represented by Chicago Truck Drivers, Chauffeurs and Helpers Union of Chicago and Vicinity. The Union and Fleet executed a collective bargaining agreement effective January 1, 1964 which related to the terms and conditions of the plaintiffs' employment. Defendant Sears was neither a party to this contract nor specifically mentioned anywhere therein. Article 29 of the contract specifically defined the term during which the agreement would remain in effect:

### ARTICLE 29

#### Contract Term

1. This Agreement shall be in full force and effect from January 1, 1964, to and including March 31, 1967, and shall continue from year to year thereafter unless written notice of desire to cancel or terminate the Agreement is served by either party upon the other at least sixty (60) days prior to date of expiration.

On January 12, 1967, seventy-eight days before the contract's expiration date, the Union's executive director, Ed Fenner, forwarded "written notice" of the Union's desire to negotiate a "new contract wage agreement commencing April 1, 1967, modifying the current contract wage agreement * * * which

terminates March 31, 1967." According to an affidavit attached to Fleet's motion to dismiss, its general manager, Jack L. Roth, stated that the Union's January 12 notice had the effect of forestalling automatic renewal of the contract which was scheduled to expire on March 31, 1967 and that thereafter no further collective bargaining agreement was entered into between Fleet and the Union.

On July 28, 1967, about two months subsequent to the collective bargaining agreement's expiration date, the plaintiffs were transferred pursuant to an agreement between Fleet, the Union, and Leaseway Trucking, Incorporated, from their positions as private carriers for Fleet to new positions as common carriers for Leaseway. Although the complaint does not state Fleet's reasons for this transfer, the plaintiffs allege that their "wrongful discharge" on July 28 was in breach of Article 19 of the collective bargaining agreement between Fleet and the Union which prohibited "discharge * * * without just cause."

The district court found that no collective bargaining contract existed at the time of the defendants alleged breach and that, since section 301 affords jurisdiction and can be the basis of a cause of action only in situations where there have been breaches of unexpired labor contracts, the court was without jurisdiction to hear the matter. We affirm the order of the district court dismissing the complaint, but on other grounds.

It is our opinion that the district court did have jurisdiction to determine its jurisdiction under section 301. Retail Clerks International Association v. Montgomery Ward & Co., 316 F.2d 754 (7th Cir. 1963). The proper disposition of this case was dismissal for failure to state a claim under section 301. The defendants' motion for Fed.R.Civ.P. 12 (b) (6) relief should have been treated by the district court as a motion for summary judgment and disposed of as provided by Fed.R.Civ.P. 56. In effect, the district court, by granting both parties the opportunity to file affidavits on

the issue of the contract's termination, handled the matter under summary judgment procedure.

 It is our opinion that this section 301 suit failed to state a claim against Sears for the reason that it undisputably appears from the pleadings, affidavits, and the contract in issue that Sears was not a party to the collective bargaining agreement which was the basis of the plaintiffs' claim. Bowers v. Ulpiano Casals, Inc., 393 F.2d 421 (1st Cir. 1968). When it is alleged that an employment contract exists between employees or their representative and an employer the court does have jurisdiction to determine the matter. Retail Clerks International Association v. Montgomery Ward & Co., 316 F.2d 754 (7th Cir. 1963). Nonetheless, summary judgment in favor of Sears would have been warranted in light of its nonparticipation in the collective bargaining agreement which underlies this action.

 In their claim against defendant Fleet, the plaintiffs assert that the expiration of the collective bargaining agreement between Fleet and the Union was "forestalled" as a result of the Union's failure to give the required termination notice. We have considered the termination clause of the contract, Article 29, in conjunction with the Fenner letter of January 12 and conclude that no reasonable construction can be given to these documents except that the parties intended the January 12 letter to give notice of the Union's desire to terminate the contract on March 31, 1967.

The term "written notice" in the Fenner letter, as well as the timing of the notice which was served in excess of sixty days before the contract's expiration date, correspond with the provision in Article 29 of the labor contract. The Fenner letter further states the Union's desire to negotiate "a new contract" rather than referring to a renewal of the old contract. The old contract is characterized by the Fenner letter as one "which terminates March 31, 1967." We conclude that the January 12 letter

was a notice of termination. Paterson Parchment Paper Co. v. International Brotherhood of Paper Makers, 191 F.2d 252 (3d Cir. 1951), cert. denied, 342 U.S. 933, 72 S.Ct. 376, 96 L.Ed. 694 (1952); M. K. & O. Transit Lines, Inc. v. Division 892, 319 F.2d 488 (10th Cir.), cert. denied, 375 U.S. 944, 84 S.Ct. 350, 11 L.Ed. 2d 274 (1963).

Contrary to the plaintiffs' contention we are of the view that the district court had a sufficient basis upon which to determine whether a collective bargaining agreement was in existence at the time of the drivers' discharge. The amended complaint refers to only a single contract, namely, the "contract [covering the period] from January 1, 1964 through March 31, 1967." The provisions of the contract together with the Fenner letter of January 12 provided a sufficient basis for the district court's determination. Further, the complaint fails to allege either the existence of any contractual coverage beyond March 31, 1967 or any renewal efforts on the part of the Union.

 The plaintiffs' next contention is that an extension of the bargaining agreement should have been implied. Although the Supreme Court in Retail Clerks v. Lion Dry Goods, 369 U.S. 17, 82 S.Ct. 541, 7 L.Ed.2d 503 (1962), indicated that claims other than those arising directly from a collective bargaining agreement may be brought in a section 301 suit, we read that case as limited by its facts to the exceptional situation where an employer and a labor organization have expressly entered into a "strike settlement" agreement which is sought to be enforced in a federal court. In the *Lion Dry Goods* case the grant of section 301 jurisdiction to enforce the strike settlement agreement promoted the national labor policy of encouraging industrial peace through private bargaining. This policy consideration is not present in the suit before us. Additionally, the agreement in *Lion Dry Goods* was more explicit than the extension understanding which the plaintiffs

555

request us to imply here. Our decision that no implied extension of the contract's term is supported by the decisions of other federal courts in analogous situations. *See, e. g.,* Food Handlers etc. v. Arkansas Poultry Co-op, Inc., 199 F. Supp. 895 (W.D.Ark.1961); Procter & Gamble Independent Union etc. v. Procter & Gamble Mfg. Co., 312 F.2d 181 (2d Cir. 1962), cert. denied, 374 U.S. 830, 83 S.Ct. 1872, 10 L.Ed.2d 1053 (1963).

For the foregoing reasons, the order of the district court dismissing the complaint is affirmed.