UNITED BRICK AND CLAY WORKERS OF AMERICA, AFL–CIO, et al., Plaintiffs-Appellees,

v.

INTERNATIONAL UNION OF DISTRICT 50, UNITED MINE WORKERS OF AMERICA, Defendant-Appellant,

and

Alton Brick Company, Defendant-Appellee.

No. 20475.

United States Court of Appeals, Eighth Circuit.

March 5, 1971.

Rehearing Denied March 26, 1971.

Val Terschluse, St. Louis, Mo., for defendant-appellant.

Bruce S. Feldacker, Schuchat, Cook & Werner, James K. Cook, St. Louis, Mo., for plaintiffs-appellees.

Before VAN OOSTERHOUT, GIBSON and LAY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Defendant, International Union of District 50, United Mine Workers of America (District 50), has taken this timely appeal from final judgment filed July 17, 1970, sustaining plaintiffs' motion for summary judgment and determining that proceedings to terminate an employees' pension trust were void and that United Brick and Clay Workers of America (Brick and Clay Workers) as successor bargaining agent of the employees has succeeded as party in interest to all rights of District 50 in the pension agreement. Defendant, Alton Brick Company, has not appealed.

The present declaratory judgment action was commenced by Brick and Clay

Workers and six individual employees of Alton Brick Company on behalf of themselves and other parties similarly interested against District 50 and the Alton Brick Company. District 50 served as bargaining agent of Alton Brick Company employees from April 1963 until April 8, 1969, when the National Labor Relations Board certified that as a result of a representation election Brick and Clay Workers was chosen as the bargaining agent of the Alton Brick Company employees.

There is no dispute as to the material facts. Upon appeal, District 50 urges that the court erred in determining that the pension plan was not validly terminated and that Brick and Clay Workers should be substituted for District 50 as a party to the pension agreement.

We affirm the trial court's judgment for the reasons hereinafter stated.

Collective bargaining agreements entered into in 1963 between the Alton Brick Company and District 50 as the representative of the employees and renewals thereof provided for specified payments by Alton Brick Company into a trust fund to provide pensions for its employees. Provisions with respect to pension entitlement and computation are contained in the agreements as evidenced by contracts made between District 50 and the company establishing a trust under § 302 of the National Labor Relations Act, 29 U.S.C.A. § 186. Pertinent facts and contract provisions are fairly stated in considerable detail in the trial court's memorandum opinion reported at 315 F.Supp. 224.

The pension plan agreement provides that it shall remain in effect until April 30, 1966, and that it shall automatically continue thereafter for a period of one year unless either party notifies the other in writing not less than sixty days prior to the annual expiration date that a discontinuance or modification is desired.

On May 2, 1969, subsequent to the date that Brick and Clay Workers succeeded District 50 as the representative of the company's employees, District 50 and the company without complying with the notice provision of the contract entered into an agreement to terminate the contract. Without consulting Brick and Clay Workers or the employees, they notified the trustee of the pension funds, National Savings and Trust Company of Washington, D. C., that the trust had been terminated and they directed the trustee to liquidate the trust funds, and advised that further instructions would be forthcoming as to the disposition of the funds. The liquidated fund amounted to about $76,300, which fund is still in the hands of the bank trustee. The distribution plan agreed upon by District 50 and Alton Brick Company was to use the fund to provide full pension benefits provided by the agreement for eight retired employees and partial benefits for sixteen employees over fifty-five who had ten or more years of service with the company. Annuities were to be purchased from an insurance company to provide payment of the benefits. No provision was made for other company employees.

Brick and Clay Workers and the Alton Brick Company negotiated a pension agreement calling for the same contribution from the company which had previously been made. District 50 was asked to consent to the substitution of Brick and Clay Workers for District 50 in the pre-existing plan, which request District 50 rejected.

We believe that the district court correctly determined that the termination action taken on May 2, 1969, by District 50 and the Alton Brick Company failed to conform to the termination provisions of the existing contracts and hence that the termination is not effective. The judgment is entitled to be affirmed upon this issue upon the basis of the trial court's reported decision.

We believe that a broader basis exists for the affirmance of the judgment. The right of the recognized collective bargaining agent of the employees with respect to hours of employ-

ment, wages, and other conditions of employment is exclusive and the employer cannot deal with any other union except the union recognized as the collective bargaining agent of the employees. National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 44–45, 57 S.Ct. 615, 81 L.Ed. 893; Glendale Mfg. Co. v. Local No. 520, International Ladies Garment Workers' Union, 4 Cir., 283 F.2d 936, 940; Modine Mfg. Co. v. Grand Lodge International Ass'n of Machinists, 6 Cir., 216 F.2d 326, 329.

■ Pension benefits constitute wages and terms of employment under §§ 8(a) (5) and 8(d) of the Labor Management Relations Act. Inland Steel Co. v. National Labor Relations Board, 7 Cir., 170 F.2d 247.

■ Wages and terms of employment which are mandatory subjects of bargaining may not be unilaterally changed or terminated without first bargaining over the change with the employees' exclusive bargaining agent. National Labor Relations Board v. Katz, 369 U.S. 736, 82 S.Ct. 1107, 8 L.Ed.2d 230.

■ It is established beyond dispute that on May 2, 1969, the date on which District 50 and Alton Brick Company sought to terminate the existing pension plan, District 50 was no longer the bargaining representatative of the Alton Brick Company's employees. We find nothing in the labor contracts or the contract setting up the pension trust which provides for an automatic termination of the pension plan and trust upon a union losing its majority status. Under the law as heretofore cited, the pension plan could only be terminated or changed by negotiations between the company and Brick and Clay Workers, the employees' then existing certified bargaining representative. No such negotiations took place. Hence the attempted termination was invalid.

We find nothing in the collective bargaining agreements or the trust agreements which places any financial obligation upon District 50 to contribute to or guarantee the payment of pensions. Hence we need not reach the question of whether under unusual circumstances the right of a former employees' representative to negotiate with a company for the protection of its interests might be justified.

■ Under the facts in this case, we cannot see how District 50 could derive any benefit of substance from continuing to represent company employees with respect to preexisting pension rights. Its representation with respect to pensions was a part of its representation of the employees' rights and so far as we can ascertain it received no additional direct financial benefits for its services with respect to the pension plan. Protection of existing pension rights would appear to be an appropriate field of collective bargaining in which Brick and Clay Workers as the employees' certified representative can adequately protect the employees' pension rights.

The pension plan was adopted to afford benefits for the company's employees. Six employees on behalf of themselves and others similarly interested are joined as plaintiffs in this action. The court in its memorandum opinion of June 22, 1970, 315 F.Supp. 224, provides:

"The Alton Brick Company and the plaintiff shall notify all the employees and ex-employees covered by the Pension Plan of the contents of this memorandum by mailing a copy of the same to such persons within 10 days from date. If any person covered by the Pension Plan has any objection to entry of a final decree, he shall promptly notify the Court in writing as to his objection."

Such notice was given. The record shows no objection on the part of any of the employees to the court's proposed decision. Thereafter on July 17, 1970, the judgment determining that the pension termination proceedings were void and of no legal effect was entered and provision was made that Brick and Clay Workers assume the duties in connection with

the pension trust previously performed by District 50. District 50 has failed to demonstrate that the court committed error in entering such judgment.

Affirmed.