**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, LOCAL UNION NO. 542, Plaintiff,**

v.

**ACE ENTERPRISES, INC., d/b/a Ace Van & Storage Co. et al., Defendants,**
and
**National Labor Relations Board, Intervenor-Defendant.**

**Civ. A. No. 70-131-F.**

United States District Court, S. D. California.

July 19, 1971.

Domnitz & Prochazka, A Professional Corporation, by H. Ronald Domnitz, San Diego, Cal., for plaintiff.

Gray, Cary, Ames & Frye, by Josiah L. Neeper, James K. Smith, San Diego, Cal., for defendants.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Glen M. Bendixsen, Chief of Special Litigation, N.L.R.B., Washington, D. C., Daniel J. Harrington, Regional Atty., Region 21, N.L.R.B., Los Angeles, Cal., for intervenor-defendant.

FERGUSON, District Judge.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

After consideration of the entire record herein, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. The plaintiff, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local Union No. 542, hereinafter "the Union," is a labor organization as defined in Section 2(5) of the National Labor Relations Act, as amended (61 Stat. 136, 73 Stat. 519, 29 U.S.C. Sec. 151 et seq.), hereafter "the Act."

2. Defendant Ace Enterprises, Inc., d/b/a Ace Van & Storage Co., hereinafter "Ace," is a corporation, organized under the laws of the State of California. Defendant-intervenor National Labor Relations Board, hereinafter "the Board," is the United States agency entrusted with the administration of the Act.

3. On February 14, 1969, the Union filed a petition with the Board requesting that the Board certify it as collective bargaining representative for all of Escondido's employees at its Escondido, California, plant. Escondido challenged the appropriateness of the unit for bargaining on the ground that it should include employees at another plant. The Regional Director of the Board's Twenty-first Region conducted a hearing on this issue and on March 28, 1969, issued his Decision and Direction of Election directing an election in a unit consisting solely of employees at the Escondido plant. The Union won the election and

on May 2, 1969, the Board certified it as the Escondido employees' exclusive bargaining representative.

4. The Union and Escondido engaged in several months of contract negotiations, but reached no agreement. On April 6, 1970, the Union wrote to Ace, whose employees it represented under a collective bargaining agreement effective April 1, 1969, contending that Escondido was bound by the Ace contract and that if this was disputed, Ace was obligated under the contract to arbitrate the issue. On April 10, Escondido filed unfair labor practice charges against the Union, alleging that it had refused to bargain in violation of Section 8(b) (3) of the Act.

5. On April 22, the Union filed the instant suit against Ace in the Superior Court of the State of California, requesting an order requiring Ace to arbitrate under the contract the dispute as to whether Escondido was bound by the Ace contract. Ace subsequently removed the suit to this Court. Thereafter, on May 6, Escondido filed a petition with the Board for an election in the existing Escondido plant unit and withdrew its charges in the unfair labor practice proceedings. The Union and Ace moved to stay the present action pending the outcome of the representation proceeding. The Union won the election, which was conducted pursuant to a Stipulation for Certification upon Consent, and on July 23, 1970, was again certified as bargaining representative of the employees at the Escondido plant. During this proceeding, as in that leading to its prior certification, the Union did not raise the Ace contract as a potential bar to the election.

6. Thereafter, the Union and Escondido engaged in further collective bargaining negotiations, but reached no agreement. On September 15, 1970, the Union filed a notice to proceed against Ace in the instant case, and Escondido again filed charges alleging that the Union was refusing to bargain in good faith in violation of Section 8(b) (3) of the Act.

7. On April 20, 1971, the Board filed motions to intervene as a party defendant and to dismiss the complaint. Ace filed supporting affidavits with this Court on April 22, 1971.

## CONCLUSIONS OF LAW

### I. THE BOARD'S MOTION TO INTERVENE

A. *The Board can intervene as a matter of right*

Rule 24(a) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action.
>
> \* \* \* \* \* \*
>
> (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Congress in enacting the National Labor Relations Act, entrusted the Board with exclusive control over questions concerning the representation of employees. See, N.L.R.B. v. Waterman Steamship Co., 309 U.S. 206, 226, 60 S.Ct. 493, 84 L.Ed. 704 (1940); N.L.R.B. v. A. J. Tower Co., 329 U.S. 324, 330, 67 S.Ct. 324, 91 L.Ed. 322 (1946). And Section 9 of the Act specifies that in resolving these questions, the Board shall determine which unit is an appropriate one in which to conduct an election. In the instant case, pursuant to the provisions in Section 9, plaintiff Union filed a representation petition with the Board requesting that it be certified in a unit consisting of all of Escondido's employees at its Escondido, California, plant; the Board conducted a hearing on the issue of the appropriateness of the unit, determined that the unit requested was an appropriate one, conducted an election in that unit, and certified the Union, which won the election, as the exclusive bargaining representative of Escondido's employees. Thus, at this stage of the proceedings, an order by this Court compelling defendant Ace to arbitrate the question whether Ace is obligated to bargain with the Union under their own contract about matters affecting Escondido's employees would necessarily bring into question the propriety of the Board's unit determination, and would thereby undermine the Board's authority to resolve such questions. As the Board's vital interest in protecting the integrity of its prior representation determinations could, therefore, be impaired by the disposition of the instant proceeding, the Board has a right to intervene in this proceeding. Cascade Natural Gas Corp. v. El Paso Natural Gas Co., 386 U.S. 129, 87 S.Ct. 932, 17 L.Ed.2d 814 (1962); Atlantis Development Corp. v. United States, 379 F.2d 818, 822–826 (5th Cir. 1967); Nuesse v. Camp, 128 U.S.App.D.C. 172, 385 F.2d 694, 699–704 (1967). See also, Berger, Intervention by Public Agencies in Private Litigation in the Federal Courts, 50 Yale L.J. 65, 67–75, 80–89 (1940); Shapiro, Some Thoughts on Intervention Before Courts, Agencies and Arbitrators, 81 Harv.L. Rev. 721, 733–736 (1968).

B. *The Board may intervene as a matter of this Court's discretion*

In any event, Rule 24(b) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> When a party to an action relies for ground of claim or defense upon any statute \* \* \* administered by a federal \* \* \* agency or upon any \* \* \* order \* \* \* issued or made pursuant to the statute \* \* \* the \* \* \* agency upon timely application may be permitted to intervene in the action.

It is apparent that Ace relies in part upon the scope of the National Labor Relations Act, administered by the Board, as the foundation for its defense to the instant suit. Thus, Ace is con-

tending that the Union seeks to have the Court determine that the Escondido employees are covered by the Union's contract with defendant Ace despite the fact that the Board, in a proceeding conducted under Section 9 of the National Labor Relations Act, certified the Union as the collective bargaining agent of a unit comprising only Escondido employees. To grant the relief requested could vitiate the Board's unit determination made pursuant to Section 9 of the Act. This proceeding, accordingly, summons an examination into the sensitive relationship between the Board and the Federal Courts, as the former administers and construes Sections 7, 8 and 9 of the Act and as the latter construes the developing body of labor contract law under Section 301 of the Act. Therefore, this case is of particular and vital importance to the National Labor Relations Board and the Board should be permitted to intervene. See, Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc., 51 F.Supp. 972 (D.Mass., 1943).[1]

The Board's motion to intervene as a party defendant in this case is therefore granted, in accordance with the provisions of Rule 24(a) and (b) of the Federal Rules of Civil Procedure.

## II. THE BOARD'S MOTION TO DISMISS THE COMPLAINT

The Board, pursuant to its authority under Section 9 of the Act, has twice

certified plaintiff Union as the collective bargaining representative in a bargaining unit consisting solely of Escondido employees, the unit requested by plaintiff. Thereafter, the Union bargained with Escondido concerning the terms and conditions of employment of the Escondido employees, although it reached no agreement. The Union now requests that we determine that its collective bargaining agreement with Ace covers the employees of Escondido, and that Escondido is thus bound by that agreement. But such a decision would clearly be inconsistent with the Board's unit determination, for it would result in a determination that Ace, as well as Escondido, is required to bargain with the Union concerning the terms and conditions of employment of Escondido's employees.

The question posed by this case is how to reconcile the Court's authority to enforce contracts under Section 301 of the Act with the Board's authority to resolve representation issues under Section 9 of the Act. This question was first posed before the Supreme Court in Carey v. Westinghouse Electric Corp., 375 U.S. 261, 84 S.Ct. 401, 11 L.Ed.2d 320 (1964). In that case, plaintiff union brought suit under Section 301 to compel arbitration of a contract dispute with another union which could—but had not yet—formed the basis of a representation or unfair labor practice proceeding before the Board. The Court held

---

1. Courts have permitted the Board to intervene in a number of cases where, as here, the subject matter of the action or relief requested by plaintiff presented a possible conflict with the Board's jurisdiction or its processes. E. g., Lodge 743, International Ass'n of Machinists v. United Aircraft Corp., 337 F.2d 5 (C.A. 2, 1964), cert. denied, 380 U.S. 908, 85 S.Ct. 893, 13 L.Ed.2d 797; Retail Clerks International Ass'n, AFL–CIO v. Montgomery Ward & Co., 316 F.2d 754 (C.A. 7, 1963); California Ass'n of Employers v. Bldg. & Constr. Trades Council, 178 F.2d 175 (C.A. 9, 1949); Amalgamated Ass'n of Street, Electric Ry. & Motor Coach Employees of America v. Dixie Motor Coach Corp., 170 F.2d 902 (C.A. 8, 1948); Amazon Cotton Mill Co. v. Textile Work-

ers Union, 167 F.2d 183 (C.A. 4, 1948); Smith Steel Workers v. A. O. Smith Corp., 420 F.2d 1 (C.A. 7, 1969); Holman v. Industrial Stamping & Mfg., 344 Mich. 235, 74 N.W.2d 322 (1955); Davis Lumber Co. v. Nunley, 21 LRRM 2070 (D.C. Ala.1947), aff'd. 168 F.2d 400 (C.A. 5, 1948). See, generally, *Berger, supra,* 50 Yale L.J. at 75–80; *Shapiro, supra,* 81 Harv.L.Rev. at 733–736; 3B Moore's Federal Practice, 24–411—24–416, Paragraph 24.10 [5] (1969); County of San Bernardino v. Marsh Calif. Corp., 52 Cal. 2d 341, 340 P.2d 617, 620–622 (1959); Nuesse v. Camp, *supra,* 385 F.2d at 704–706; Note, Federal Intervention in Private Actions Involving the Public Interest, 65 Harv.L.Rev. 319, 320–321, 324–328 (1951).

that arbitration could be compelled under these circumstances, but that the Board's power to entertain and decide that dispute under the provisions of Sections 9 and 10 of the Act remained unaffected by the arbitral process, and that when the Board did decide the issue, its ruling would take precedence. In language clearly applicable here, the Court ruled that in disputes which could be heard by both an arbitrator and the Board, "the superior authority of the Board may be invoked at any time," and that "should the Board disagree with the arbiter, * * * the Board's ruling would, of course, take precedence" (375 U.S. at 272, 84 S.Ct. at 409). In short, the Court held that under Section 301, the district courts have concurrent jurisdiction with the Board to resolve contract disputes which might also present representation or unfair labor practice matters under Sections 8 or 9 of the Act, but that an arbitrator's award or district court judgment cannot conflict with a Board determination made in the exercise of its powers under the Act.

Subsequent cases have made clear that if the Board has already acted, as it had not in *Carey, supra,* then the court cannot compel arbitration if to do so would result in a ruling inconsistent with that of the Board. In United Ass'n of Journeymen & Apprentices of Plumbing, etc., Local Union No. 525 v. Foley, 380 F.2d 474, 476 (C.A.9, 1967), a union had brought a Section 301 action in federal district court seeking specific performance of the grievance and arbitration clause in its collective bargaining agreement with an employer. The dispute for which arbitration was requested by the union and refused by the employer was whether the labor agreement covered maintenance and operations employees as well as construction employees. When the district court stayed proceedings in this suit until after final disposition of a related unfair labor practice case then pending before the Board, the union filed a petition for a writ in the nature of mandamus with the Court of Appeals for the Ninth Circuit. The appeals court denied the writ, ruling, "If the trial examiner's recommended disposition of the Board proceeding prevails, there will be little, if anything, left to decide" in the union's Section 301 action. 380 F.2d at 476. In Rivas, Inc. v. New Orleans Typographical Union No. 17, 368 F.2d 755, 767 (C.A.5, 1966), a district court had ordered the employer to submit to arbitration a work assignment dispute with a union under the terms of their collective bargaining agreement. Enforcement of the resulting award in favor of the union was stayed by the Court of Appeals, however, after the Board awarded the disputed work to another union in a subsequently invoked proceeding under Sections 8(b) (4) (D) and 10(k) of the Act. When the Board's award became ripe for judicial review under the unfair labor provisions of the Act, the Fifth Circuit consolidated that case with the Section 301 suit and, after reviewing and enforcing the Board's order, vacated the judgment of the lower court enforcing the arbitrator's award. In discussing Carey v. Westinghouse Electric Corp., the court stated: (368 F.2d at 767)

The Board in this case did make a determination, but it was months after arbitration had been completed and enforced. When the Board did make a Determination this Court then stayed enforcement of the arbitration award, recognizing the precedence of the Determination, once it was made.

We are of the opinion, of course, that once the Determination is made and becomes final, then it takes precedence over the § 301 arbitration proceedings. * * * When the Board acted, its order was entitled to precedence.

And finally, in Smith Steel Workers v. A. O. Smith Corp., 420 F.2d 1 (C.A. 7, 1969), each of two unions certified to represent different groups within the employer's work force claimed representation rights for certain employees, classified as "Technicians I" and "experimental workers," previously represented by the other union. Although both unions and the employer had agreed

to arbitrate this issue and a date had been set for an arbitration hearing, the arbitration proceedings were deferred when the parties petitioned the Board for clarification of the disputed units. The Board certified one of the unions as representative for both the Technicians I and the experimental workers; the other union, after demanding that the employer disregard the Board's clarification order with respect to one of these employee groups, sued the employer under Section 301 to compel arbitration of this issue. The district court permitted the Board to intervene (Smith Steel Workers v. A. O. Smith Corp., 285 F. Supp. 1011, 1013 (E.D.Wis., 1968)) and ruled that it could not compel arbitration "of a question *already decided* by the Board" (285 F.Supp. at 1016) (emphasis in original). The Court of Appeals for the Seventh Circuit held that the district court properly granted the Board's and the employer's motions for summary judgment (420 F.2d at 6–7). The Court of Appeals explained, 420 F.2d at 7:

> Arbitration provides an alternative means of resolving disputes over the appropriate representational unit, but it does not control the Board in subsequent proceedings. Carey v. Westinghouse Electric Corp., 375 U.S. 261, 268–272, 84 S.Ct. 401, 11 L.Ed.2d 320. In this case no arbiter's award existed to which the Board could defer. * * * The Board's 1967 determination of the appropriate units fully disposed of the question. * * * [T]he Board's order deprived the Union of any right to recognition as the representative of the laboratory technicians and experimental workers. (Citation omitted.)

These cases are controlling here. The Board has certified plaintiff Union as the collective bargaining representative in a unit consisting solely of Escondido's employees. The Union is seeking to compel another employer, defendant Ace, to arbitrate under its contract grievances concerning the Escondido bargaining unit. Compelling arbitration, then, would be inconsistent with the Board's ruling that Escondido is to bargain with the Union about the terms and conditions of employment at Escondido. Therefore, and deeming the Board's motion to dismiss as a motion for summary judgment in view of the supporting affidavits filed by Ace, summary judgment is granted in favor of the defendants and the Board.

Wherefore, the motions of the National Labor Relations Board to intervene as a party defendant and for summary judgment are granted.